UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GROSSBERG FIDUCIARIES LIMITED,                :    19-cv-9952(KPF)
                                              :
                              Plaintiff,      :
                                              :
            - against -                       :
                                              :
ZALMAN SILBER, GALACTIC LITIGATION            :
PARTNERS LLC and PAR MANAGERS LLC,            :
                                              :
                              Defendants.     :
------------------------------------------------------------------X

### AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

STATE OF NEW YORK    )
                     ss.:
COUNTY OF ROCKLAND   )

FREDRICK SCHULMAN, being duly sworn, deposes and says:

1. I am the manager and sole member of defendant, Galactic Litigation Partners LLC ("Galactic"). Defendant, PAR Managers LLC ("PAR"), is a wholly owned subsidiary of Galactic. This affidavit is respectfully submitted in support of the defendants' motion to dismiss.

2. Galactic and PAR are engaged in the third-party litigation funding business. From time to time, we seek debt and/or equity funding of our own from private lenders and investors for specific matters. One such source was an individual who represented himself to be Alex Temple, an apparently successful Russian businessman living in London. We were introduced to Mr. Temple in the Summer of 2018 through a mutual business contact. Several meetings and discussions ensued, including four pivotal meetings in London. When it became apparent that the parties were seriously interested in a potential business arrangement, we proceeded to negotiate a confidentiality and non-disclosure agreement. On July 1, 2018, the parties entered into a Confidentiality, Common Interest and Non-Disclosure Agreement (the "NDA") (copy attached as **Exhibit A**).

3. Paragraph 14 of the NDA reads, in pertinent part, as follows:

Applicable Law, Disputes.
This Agreement, and any non-contractual obligations arising out of, under, or in relation to it, shall be governed by and construed in accordance with the laws of England and Wales, without giving effect to its conflict of law rules. Any dispute, claim or controversy arising out of, under, or in relation to this Agreement or the existence, breach, termination, enforcement, interpretation or validity of this Agreement, including the determination of the scope or applicability of this agreement to arbitrate, shall be referred to and finally resolved by arbitration under the Arbitration Rules of the London Court of International Arbitration, which Rules are deemed to be incorporated by reference into this clause. .......... Judgment on the arbitration award may be entered in any court having jurisdiction thereover, and nothing in this Section 14 shall preclude the Parties from seeking provisional remedies in aid of arbitration from any court of competent jurisdiction.

4. As the NDA clearly provides, the parties mutually chose to be bound by English law and to arbitrate any disputes regarding the NDA in London. However, a judgment or any provisional remedies in aid of the arbitration could be had in any court of competent jurisdiction.

5. Following the execution of the NDA, Mr. Temple expressed interest in participating in the financing of one of our projects involving Comodo Holdings Limited ("Comodo"), which was the subject of litigation in the British Virgin Islands and the Supreme Court of State of New York. The parties ultimately entered into a Facility Agreement, dated November 22, 2018 (the "Facility Agreement") (copy attached as **Exhibit B**), whereby Temple's affiliate, Grossberg Fiduciaries Limited, a private limited company registered in the Seychelles, agreed to provide Galactic a convertible term loan facility in the amount of $4 million for the Comodo matter.[1]

6. In connection with the Facility Agreement, Mr. Zalman Silber (a consultant to Galactic) agreed to give a Deed of Guarantee (the "Guarantee") to Grossberg (copy attached as **Exhibit C**).

7. The Facility Agreement and Guarantee contain nearly identical choice of law and forum selection clauses. The Facility Agreement provides as follows:

---

[1] The facility was later increased to $4.2 million.

21.  GOVERNING LAW AND JURISDICTION[2]

21.1  This Agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the law of England and Wales.

21.2  The parties irrevocably agree that, subject as provided below, the courts of England and Wales shall have exclusive jurisdiction over any dispute or claim (including non-contractual disputes or claims) that arises out of, or in connection with, this Agreement or its subject matter or formation. Nothing in this clause shall limit the right of Grossberg to take proceedings against any of the Original Project Funders in any other court of competent jurisdiction, nor shall the taking of proceedings in any one or more jurisdictions preclude the taking of proceedings in any other jurisdictions, whether concurrently or not, to the extent permitted by the law of such other jurisdiction.

8. These clauses are consistent with what I thought was our mutual understanding at the time that the parties would be bound by English law and would litigate any disputes having to do with the Facility Agreement or Guarantee in the courts of England, except for post-judgment enforcement proceedings by Grossberg to the extent permitted by the law of such other jurisdiction. For undisclosed personal reasons, Mr. Temple and his counsel were insistent and unwavering that the parties submit _any_ dispute or controversy regarding the Facility Agreement or Guarantee to the courts of England. Based on the advice of our counsel, and for our own strategic purposes, we agreed.[3]

9. If, as the plaintiff now seems to believe, the defendants could be sued in any court of competent jurisdiction in the world, then the term "exclusive jurisdiction" in the first sentence of Par. 21.2 would be superfluous and without meaning. It would be an interpretation incongruous with our negotiations and internally inconsistent with the exclusive language we chose. Furthermore, why require us to appoint an agent for service of process in England (see Par. 21.4) if we can be sued here in NY via email? Again, such an interpretation would render the clause superfluous.

10. At the time we negotiated the Facility Agreement, we made a deliberate strategic decision to put any disputes arising thereunder before the courts of England applying English law.

---

[2] The same language can be found in paragraphs 14.1 and 14.2 of the Guarantee.

[3] The Facility Agreement and Guaranty were drafted by plaintiff's counsel in England and submitted to our counsel for review.

It was hardly an afterthought. Indeed it is entirely consistent with the language of Par. 14 of the NDA wherein we agreed to arbitrate any controversy in England, except that "[j]udgment on the arbitration award may be entered in any court having jurisdiction thereover," and the parties may seek "provisional remedies in aid of arbitration from any court of competent jurisdiction." The same concept was carried over from the NDA to the Facility Agreement and Guarantee.

11. Furthermore, plaintiff and its counsel have acknowledged the application of English law and jurisdiction to this dispute. On September 12, 2019, plaintiff's counsel wrote a pre-suit demand letter to Galactic and PAR (see **Exhibit D**). The letter states on the first page, among other things, the following:

> This letter is being sent to you in accordance with the Pre-action Protocol for Debt Claims (the Debt Protocol) contained in te Civil Procedure Rules (CPR). In particular, we refer you to paragraph 7 of the Protocol, and paragraphs 13 to 16 of the Practice Direction on Pre-action Conduct and Protocols regarding the court's powers to impose sanctions for failing to comply with the provisions of the Debt Protocol.

Plaintiff's counsel's invocation of English Civil Procedure Rules, coupled with a warning about the English court's powers related to alleged violations of the English Debt Protocol, is a clear acknowledgment that any dispute concerning the Facility Agreement would be brought in England and be governed by English procedural and substantive law.

12. More recently, plaintiff's counsel again acknowledged the application of English law and jurisdiction to this dispute. In a letter, dated October 4, 2019, addressed to counsel for Galactic's client in the Comodo matter (see **Exhibit E**), plaintiff's counsel wrote that the Facility Agreement, the Guarantee and a related indemnity agreement "are all expressly subject to English governing law and jurisdiction clauses." The letter further states that "[A]ny attempt to circumvent those clauses will be robustly defended by Grossberg."

13. Having insisted that we submit any controversy involving the Facility Agreement or Guarantee to the courts of England, it is somewhat curious that plaintiff would have commenced suit here in New York. It may very well have something to do with a sensitivity regarding the source of funds for the loan being routed through a vehicle in the Seychelles, and Mr. Temple's newfound

desire to keep such matters out of the English courts and out of the reach of local authorities. Be that as it may, both sides agreed to litigate any disputes under the Facility Agreement or Guarantee in England and that's where this case belongs.[4]

WHEREFORE, it is respectfully requested that defendants' motion to dismiss be granted.

_____
Fredrick Schulman

Sworn to before me this 6th
day of December, 2019

_____
Notary Public

ELIEZER MARTIN
NOTARY PUBLIC, STATE OF NEW YORK
No. 01MA6334362
Qualified in Rockland County
Commission Expires Dec. 14, 20/9

---

[4] Due to the limited focus of this motion, we have refrained from delving into what we believe are serious breaches of the letter and spirit of the Facility Agreement by the plaintiff and its principal, Alex Temple.